IN THE CIRCUIT COURT OF THE
SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS
COUNTY, FLORIDA

CASE NO.:

SEAN KREGER,

      Plaintiff(s),

v.

MEDICREDIT, INC.,

      Defendant(s).
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE RELIEF SOUGHT

COMES NOW, Plaintiff, SEAN KREGER (hereinafter "Mr. Kreger" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought as against Defendant(s), MEDICREDIT (hereinafter "Defendant"), and in support thereof states as follows:

### *Jurisdiction and Venue*

1. This is an action for damages in excess of $15,000.00, exclusive of attorney's fees, interest, and costs.

2. Jurisdiction is proper in the State of Florida where the Defendant conducts business in the State of Florida.

3. Jurisdiction of this Court also arises under 47 U.S.C. § 227 (b) (3).

4. Venue is proper in Pinellas County, FL, where the tortious activity took place in Pinellas County, Florida.

## *Parties*

5. Plaintiff, Mr. Kreger, is a natural person and at all times material hereto is an adult, a resident of Pinellas County, Florida.

6. Mr. Kreger is the regular user and subscriber of the cellular telephone number 727-280-4805, and thereby is the "called party" as referenced in the Restrictions on Use of Telephone Equipment (TCPA), 47 U.S.C. § 227 (b) (1) (A) (iii).

7. At all times material hereto, Defendant, MEDICREDIT, INC., was and is a foreign profit corporation with its principal place of business in the state of Missouri and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, Florida 33324.

## *Statements of Fact*

8. On or around September 20, 2014, Mr. Kreger began receiving calls from Defendant.

9. In its calls, Defendant asked for individuals other than Mr. Kreger in its attempts to collect a debt.

10. Mr. Kreger answered one of Defendant's first few calls and asked that they stop calling him. Mr. Kreger informed Defendant that he did not know the individuals Defendant was seeking and that Mr. Kreger did not owe the debt.

11. Mr. Kreger also informed Defendant that the cellular telephone number 727-280-4805 belonged to Mr. Kreger, not any other individual.

12. Despite Mr. Kreger's request for Defendant's calls to stop, Defendant continued to call Mr. Kreger's cellular telephone in attempts to collect a debt.

13. Defendant called Mr. Kreger's cellular telephone at least eighteen (18) times in 2015.

14. Defendant called Mr. Kreger's cellular telephone from telephone number 800-823-2318.

15. Defendant's calls have harassed Mr. Kreger due to the frequency and timing of each of the calls.

16. Under information and belief, each of the telephone calls identified in Paragraph 13 were placed to Mr. Kreger's cellular telephone using an automatic telephone dialing system.

17. Under information and belief, Defendant did not place any calls to Mr. Kreger for emergency purposes.

18. Defendant did not have Mr. Kreger's express consent to make any of the telephone calls identified in Paragraph 13 to Mr. Kreger's cellular telephone number.

### *Count 1: Violation of Restrictions on Use of Telephone Equipment (TCPA)*

19. Mr. Kreger re-alleges paragraphs 1-19 and incorporates the same herein by reference.

20. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

21. Mr. Kreger revoked consent to have the Defendant call his cellular phone in or around January of 2015 when he expressly told Defendant to stop calling him, that he did not owe a debt, and that the individuals Defendant was seeking were not at that phone number.

22. Despite this revocation of consent, Defendant thereafter called Mr. Kreger at least eighteen (18) times.

23. Defendant willfully and knowingly placed non-emergency calls to Mr. Kreger's cellular telephone without the express consent of Mr. Kreger, using an automatic telephone dialing system, violating the Restrictions on Use of Telephone Equipment.

24. All conditions precedent to this action have occurred.

WHEREFORE, Plaintiff requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c. Awarding Plaintiff costs;

    d. Ordering an injunction preventing further wrongful contact by the Defendant; and

    e. Any other and further relief as this Court deems equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, **SEAN KREGER**, demands a trial by jury on all issues so triable.

Respectfully submitted this **May 16, 2016.**

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Trial Counsel for Plaintiff
FBN: 74864
Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p) (727) 538-4188
(f) (727) 362-4778
mike@zieglerlawoffice.com