UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEAN KREGER,

       Plaintiff,

v.                       Case No. 8:16-cv-1481-T-33JSS

MEDICREDIT, INC.,

       Defendant.

_____/

## ORDER

This matter comes before the Court pursuant to Defendant Medicredit Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. # 8), which was filed on June 6, 2016. Plaintiff Sean Kreger filed a response in opposition to the Motion (Doc. # 16) on June 29, 2016. For the reasons set forth below, the Court grants the Motion.

## I.   Background

Around September 20, 2014, Kreger began receiving telephone calls from Medicredit. (Doc. # 2 at ¶ 8). These calls were placed using an automatic telephone dialing system. (Id. at ¶¶ 16, 23). Kreger answered one of Medicredit's first few calls and requested that Medicredit stop calling him. (Id. at ¶ 10). Despite Kreger's request for Medicredit to stop calling, Medicredit continued to call.

(Id. at ¶ 12). In total, Medicredit called Kreger's telephone at least eighteen times. (Id. at ¶ 13). Medicredit did not have Kreger's express consent to make the calls, and the calls were not placed for emergency purposes. (Id. at ¶¶ 17-18).

Subsequently, Kreger initiated this action in state court on May 16, 2016, for a violation of Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227; known as the Telephone Consumer Protection Act (TCPA). (Doc. # 2). Medicredit then removed to this Court, based on federal question jurisdiction, on June 9, 2016. (Doc. # 1). Thereafter, Medicredit filed the pending Motion.

In the instant Motion, Medicredit argues Kreger fails to state a claim upon which relief can be granted because *res judicata* bars Kreger's claim. (Doc. # 8 at 1, 10). Specifically, Medicredit argues Kreger's claim is precluded by the final order and judgment entered in Prater v. Medicredit, Inc., Case No. 4:14-CV-00159-ERW, 2015 WL 8331602 (E.D. Mo. Dec. 7, 2015), which incorporated and approved a class-action settlement agreement. (Id. at 2). Kreger counters that Medicredit failed to meet the requisites of *res judicata* and that Medicredit did not provide practicable notice of the class action. (Doc. # 16 at 1). Alternatively, if the Court finds that the Motion should be granted, Kreger

requests the Court to stay this case pending his petition for a late-filed opt-out in the Prater class action. Id.

## II.  **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a

3

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Additionally, "[a] complaint may be dismissed for failure to state a claim 'when its allegations . . . show that an affirmative defense bars recovery on the claim.'" Horne v. Potter, 392 Fed. Appx. 800, 801 (11th Cir. 2010) (internal citation omitted). Also, "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." Id. at 802 (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir. 1999)). "Public records are among the permissible facts that a district court may consider." Universal Express, Inc. v. U.S. S.E.C., 177 Fed. Appx. 52, 53 (11th Cir. 2006) (internal citation omitted); see also Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action.").

## III. **Analysis**

To establish that a claim is precluded by res judicata, a party must show, "(1) there [was] a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them,

4

are identical in both suits; and (4) the same cause of action is involved in both cases." Horne, 392 Fed. Appx. at 802 (citing Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999)). Additionally, the "principles of *res judicata*, or claim preclusion, apply to judgments in class actions as in other cases." Juris v. Inamed Corp., 685 F.3d 1294, 1312 (11th Cir. 2012) (quoting Twigg v. Sears, Roebuck & Co., 153 F.3d 1222, 1226 (11th Cir. 1998)). However, "*res judicata* can only be applied to an action if it is first shown that doing so would be consistent with due process." Adams v. S. Farm Bureau Life Ins. Co, 493 F.3d 1276, 1285 (11th Cir. 2007). The Eleventh Circuit has explained:

> [b]efore the bar of claim preclusion may be applied to the claim of an absent class member, it must be demonstrated that invocation of the bar is consistent with due process . . . and an absent class member may collaterally attack the prior judgment on the ground that to apply claim preclusion would deny him due process[.]

Juris, 685 F.3d at 1312-13 (internal citations omitted).

An absent class member may collaterally attack the *res judicata* effect of a prior judgment for denial of due process by showing adequate notice was not received. Id. at 1313 (internal citations omitted). According to Federal Rule of Civil Procedure, 23(c)(2)(B), "[f]or any class certified under Rule 23(b)(3), the court must direct to class members

5

the *best notice that is practicable* under the circumstances, including individual notice to all members who can be identified through reasonable effort." (emphasis added).

However, "[c]ourts have consistently recognized that, even in Rule 23(b)(3) class actions, due process does not require that class members actually receive notice." <u>Juris</u>, 685 F.3d at 1321. And, "[w]here certain class members' names and addresses cannot be determined with reasonable efforts, notice by publication is generally considered adequate." <u>Id.</u> (internal citation omitted); <u>see also</u> <u>Id.</u> (quoting <u>Gordon v. Hunt</u>, 117 F.R.D. 58, 63 (S.D.N.Y. 1987)) ("This combination of mailed notice to all class members who can be identified by reasonable effort and published notice to all others is the long-accepted norm in large class actions."); <u>Adams</u>, 493 F.3d at 1287 ("[W]e find . . . that the steps taken . . . in distributing the notice—via multiple first class mailings and publication in a national newspaper—as well as providing a telephone number, website, and mailing address to field queries from class members, constituted 'the best notice practicable under the circumstances.'") (internal citation omitted).

Before the Court addresses whether the <u>Prater</u> settlement should have a *res judicata* effect on the present action, it

must determine whether notice provided pursuant to the Prater settlement satisfied due process. Kreger argues Medicredit did not provide practicable notice because Kreger never "received actual notice" and the "notice by publication was inadequate." (Doc. # 16 at 1). As previously mentioned though, "due process does not require that class members actually receive notice." Juris, 685 F.3d at 1321. Therefore, Kreger's actual-notice argument is unpersuasive.

By performing reverse look-ups of the Prater class member's cellular devices, members who could be reasonably identified were sent notice in the mail. (Doc. # 8 at 12). This notice provided adequate information about the class settlement, as well as a telephone number and mailing address. (Id. at 4). Also, an editorial mirroring the language used in the mailed notice was published in *People* magazine. (Id. at 5-6). Furthermore, a dedicated website was established pursuant to the settlement agreement. (Id. at 3). Additionally, the Court notes that Judge Webber, the presiding judge in Prater, found the distribution of notice to be "the best notice practicable under the circumstances." See Prater, 2015 WL 8331602, at *2 ("The form and method for notifying the Class Members of the settlement . . . satisfied the requirements of . . . due process, and constituted the

best notice practicable under the circumstances."). Accordingly, this Court finds that the notice provided pursuant to the Prater settlement was "the best practicable" and that the requirements of due process were satisfied.

Having found due process was satisfied, the Court now considers whether the Prater settlement should have a *res judicata* effect on the present action. The first element of *res judicata* is that a final judgment on the merits occurred. Horne, 392 Fed. Appx. at 802. The final order and judgment entered in Prater, 2015 WL 8331602, which incorporated and approved the class action settlement agreement, establishes a final judgment on the merits. See Juris, 685 F.3d at 1340 ("For purposes of determining res judicata, an order approving a settlement agreement provides a final determination on the merits.").

Under the second element, a party must establish that the decision was rendered by a court of competent jurisdiction. Horne, 392 Fed. Appx. at 802. Subject-matter jurisdiction was appropriate in Prater because claims under the TCPA—a federal law—were asserted. 2015 WL 8331602 at *1. Furthermore, the Prater Court had personal jurisdiction over Medicredit and Prater because Prater filed suit against Medicredit in the Eastern District of Missouri Court and

8

Medicredit was a corporation with its principal place of business in Missouri. (Doc. # 8 at 15-16). Thus, as the Court in *Prater* found, 2015 WL 8331602, at *1, this Court determines jurisdiction properly rested with the Court in *Prater* and therefore, the second element of *res judicata* is satisfied.

The third element of *res judicata* requires that a party must prove the parties, or those in privity with them, are identical in both suits. *Horne*, 392 Fed. Appx. at 802. The *Prater* settlement will govern *res judicata* in this case. *See* *Norfolk S. Corp. v. Chevron U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004) ("Where the parties consent to such a dismissal based on a settlement agreement, however, the principles of *res judicata* apply (in a somewhat modified form) to the matters specified in the settlement agreement, rather than the original complaint."). Also, "[i]n determining the *res judicata* effect of an order of dismissal based upon a settlement agreement, we should also attempt to effectuate the parties' intent." *Id.* at 1289.

The *Prater* settlement defined "parties" as "settlement class members together with defendant" Medicredit. (Doc. # 8-1 at 13). Also, "[s]ettlement class members" was defined as "those persons who are members of the class . . . and who do not timely and validly request exclusion from the settlement

class." (Id. at 14). Furthermore, the Prater settlement

defined "class" as:

> [a]ll persons and entities throughout the United States (1) to whom Medicredit, Inc. . . . made or caused to be made one or more telephone calls, (2) directed to a number assigned at the time of the call(s) to a cellular telephone service (whether the number was assigned to the person receiving the call or not), (3) by using an automatic telephone dialing system and/or an artificial or prerecorded voice, (4) from January 28, 2010 to July 13, 2015 and (5) for whom Medicredit, Inc. . . . did not have a valid consent for such call or calls at the time thereof.

(Id. at 12); Prater, 2015 WL 8331602, at *2.

Kreger is a person located in the United States to whom

Medicredit made calls. (Doc. # 2 ¶¶ 5, 13). These calls were

directed to a number assigned to a cellular service for which

Medicredit did not have consent to call. (Id. at ¶¶ 13, 23).

Also, these calls were placed using an automatic telephone

dialing system. (Id. at ¶ 16). Furthermore, these calls were

made between January 28, 2010, and July 13, 2015, (Kreger

alleges that the calls began around September 20, 2014, and

occurred during 2015, but does not mention when the calls

ceased). See (Id. at ¶¶ 8, 13). Kreger satisfies the

definition of a settlement class member and therefore, the

parties are identical in this suit, pursuant to the settlement

agreement.

The fourth element of *res judicata* requires that a party must show the same cause of action is involved in both cases. Horne, 392 Fed. Appx. at 802. "Two cases are the same 'claim' or 'cause of action' 'if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate as a former action.'" Id. (quoting Ragsdale, 193 F.3d at 1239).

The present case arose from the same factual predicate as in the Prater case. In this case, Medicredit allegedly placed calls to Kreger using an automatic telephone dialing system without Kreger's consent. (Doc. # 2 at ¶¶ 13-14, 16, 23). In Prater, Medicredit was alleged to have placed calls to the class members using an automatic telephone dialing system without their consent. Prater, 2015 WL 8331602, at *2. Both cases arose from the same TCPA violations and, therefore, the fourth element of *res judicata* is met.

With the requirement of due process being met, and the elements of *res judicata* being satisfied, Kreger's Motion is granted. Having granted the Motion, the Court turns to Kreger's alternative request that the Court to stay this case pending a petition for a late-filed opt-out in the Prater class action.

District courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1172 n.7 (11th Cir. 2004) (quoting Clinton v. Jones, 520 U.S. 681, 706 (1997)). To be sure, "the decision to grant a stay . . . is 'generally left to the sound discretion of district courts.'" Connor v. Sec'y, Fla. Dep't of Corr., 713 F.3d 609, 619 (11th Cir. 2013) (internal citation omitted). Also, "[a] stay must not be 'immoderate.'" Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000) (internal citation omitted).

Although Kreger requests a stay so he may file a belated motion to opt-out in Prater, he provides no information as to when he would file such a motion. Moreover, the Court has no way of knowing when the Prater Court would rule on the motion absent pure speculation. As such, the Court declines to stay the action. See Pecan E. Antonio Inv'rs, Inc. v. KPMG LLP, No. Civ.A.SA040677FB(N., 2005 WL 2105751, at *5 (W.D. Tex. Aug. 31, 2005) (recommending motion to stay be denied, in part, because court could not determine length of stay absent speculation).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant   Medicredit   Inc.'s   Motion   to   Dismiss   for Failure to State a Claim (Doc. # 8) is **GRANTED**.

(2)   The Complaint is **DISMISSED** and the Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this <u>19th</u> day of July, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE