UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEAN KREGER,

    Plaintiff,

v.                                Case No. 8:16-cv-1481-T-33JSS

MEDICREDIT, INC.,

    Defendant.
_____/

**ORDER**

    This matter comes before the Court upon consideration of Plaintiff Sean Kreger's Motion for Reconsideration as to Order Dismissing Case (Doc. # 21), filed on July 28, 2016. As of the date of this Order, Defendant Medicredit, Inc. has not filed a response, and the time for doing so has elapsed. For the reasons below, the Court denies the Motion.

**Discussion**

    Kreger initiated this action in state court on May 16, 2016, alleging Medicredit violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (Doc. # 2). Medicredit removed to this Court on June 9, 2016, on the basis of federal-question jurisdiction. (Doc. # 1). Thereafter, Medicredit moved to dismiss the action on the grounds that the class-action settlement agreement, which was approved and

incorporated into the final order and judgment, in Prater v. Medicredit, Inc., et al., No. 4:14-cv-159-ERW, precluded Kreger's instant action. (Doc. # 8). Kreger filed a response in opposition and therein requested as alternative relief that the Court stay the action pending the filing and disposition of a belated motion to opt out in the Prater case. (Doc. # 16).[1] On July 19, 2016, the Court granted Medicredit's motion to dismiss and closed the case. (Doc. # 20). Kreger now moves the Court to reconsider its Order. (Doc. # 21).

Although Kreger cites Rule 60(b), Fed. R. Civ. P., as the governing Rule, Rule 59(e) actually governs as the Motion was filed within 28 days of the Court's Order granting Medicredit's motion to dismiss. See Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015) ("Here, the Motion for Reconsideration was filed within 28 days of the Court's Order . . . , and the Court will accordingly analyze the Motion for Reconsideration under Rule 59(e).").

---

[1] As originally requested—i.e., alternative relief at the end of a memorandum in opposition—Kreger's request for a stay was procedurally improper. See Rule 7(b); Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (citation omitted).

2

"The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks and alterations omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted).

Preliminarily, the Court notes that Kreger's Motion does not comply with Local Rule 3.01(g). "Failure to comply with the Local Rules normally results in an automatic denial of a motion." Peack v. Polk Cty. Sheriff's Office, No. 8:15-cv-2859-T-33JSS, 2016 WL 3595769, at *1 (M.D. Fla. July 5, 2016); see also Shah v. Orange Park Med. Ctr., No. 3:14-cv-1081-J-34JRK, 2015 WL 1638231, at *2 (M.D. Fla. Apr. 13, 2015) (denying two motions for failure to comply with Local Rule 3.01(g)).

Furthermore, as an independent reason for denial, Kreger's motion merely rehashes old arguments and raises arguments not previously asserted in an effort to persuade

3

the Court to reconsider its decision. But, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Accordingly, Kreger's Motion is due to be denied. Anderson, 567 Fed. Appx. at 680 ("[A] district court does not abuse its discretion when denying a Rule 59(e) motion made merely 'to relitigate old matters' or 'raise argument[s] or present evidence that could have been raised prior to the entry of judgment.'").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Sean Kreger's Motion for Reconsideration as to Order Dismissing Case (Doc. # 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of August, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4